# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 10-0528-DOC (RNBx)                    Date: August 16, 2010

Title: STEADFAST INSURANCE COMPANY v. CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|   Kathy Peterson   |   Not Present   |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE

This case comes before the Court on its own initiative, upon review of the Notice of Removal, filed May 4, 2010.  *See* Docket No. 1.  According to the Notice of Removal, Plaintiff Steadfast Insurance Company ("Steadfast") filed a complaint ("Complaint") against Defendant Certain Underwriters at Lloyd's of London ("Certain Underwriters") in the Superior Court of the State of California, County of Orange on March 29, 2010,  alleging causes of action for Equitable Contribution, Equitable Subrogation, and Equitable Indemnity arising out of a payment Steadfast made to a third-party policy holder insured by both Steadfast and Certain Underwriters.  The Notice of Removal avers that removal is proper under 28 U.S.C. 1332, 1441 and 1446, on the grounds that there is complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  The removing defendant must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).  "The party seeking removal bears the burden of establishing federal jurisdiction." *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  Furthermore, courts construe the removal statute strictly against removal.  *Gaus v. Miles, Inc.*,

MINUTES FORM 11 DOC                    Initials of Deputy Clerk kp
CIVIL - GEN                    Page 1 of 3

980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the right of removal in the first instance, remand must be ordered.  *See id.*

## Diversity of Citizenship

Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants.  28 U.S.C. § 1332(a).  For diversity purposes, the citizenship of an unincorporated association depends on the citizenship of each of the association's members.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990).  While the Ninth Circuit has not ruled on whether this rule regarding unincorporated associations specifically applies to syndicates in the Lloyd's market, three of the four Circuits to address the issue have decided the question in the affirmative.  As the Eleventh Circuit explains, syndicates in the Lloyd's market "have no independent legal identities, but are merely 'creatures of administrative convenience,'" who "operate as an aggregation of individual members with individual contracts and obligations running to the insured."  *Underwriters at Lloyd's London v. Osting-Schwinn*, — F.3d —, 2010 WL 3056606, at *7 (11th Cir. 2010) (quoting *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858) (5th Cir. 2003)).  *See also E.R. Squibb & Son, Inc. V. Accident & Cas. Ins. Co.,* 160 F.3d 925 (2d Cir. 1998); *Indiana Gas Co., Inc. V. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998).  *But see Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39 (6th Cir. 1994).  Indeed, based on the foregoing description, Lloyd's syndicates would seem to constitute a paradigmatic example of an unincorporated association.

In this case, Certain Underwriters has disclosed only the citizenship of the "managing agent" of what Defendants have classified as its "lead syndicate."  Under the prevailing view that Lloyd's syndicates are to be treated, for purposes of federal diversity jurisdiction, as unincorporated associations, the requirement of complete diversity cannot be met by looking only to the citizenship of this one entity.  Diversity of citizenship must be analyzed with respect to the citizenship of each member-underwriter of each syndicate named as a defendant in this action.  As Certain Underwriters has not provided the court with the citizenship of each member defendant, Certain Underwriters has not met its burden of establishing complete diversity of citizenship.

### Amount in Controversy

28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction over diversity actions in which the amount in controversy exceeds $75,000.  A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the **underlying facts supporting its assertion** that the amount in controversy exceeds [$75,000]."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis added).  Absent specificity, *sua sponte* remand is warranted.  *Id.*

Here, in order to meet the amount in controversy requirement, Certain Underwriters relies

on Steadfast's allegation, in its Complaint, that Steadfast paid a total of $1,740,128.69 to W.L. Holmes, the policy holder insured by both Steadfast and Certain Underwriters.  Certain Underwriters takes this to mean that Steadfast seeks to recover the entirety of this $1,740,128.69 from Certain Underwriters, or at least a portion of this amount in excess of $75,000.  The validity of this assumption, however, is not at all clear from the Complaint.  Rather, in three of its six asserted causes of action, Steadfast expressly limits its recovery demand to $25,000.  In its three remaining causes of action, Steadfast requests recovery of an "equitable share" of the total amount paid to the policy holder.  While Steadfast's request for recovery of an "equitable share" of the $1,740,128.69 paid to the policy holder *may* constitute a request for an amount over $75,000, Certain Underwriters has provided no information to support this possible conclusion.  Certain Underwriters thus has not met its burden of establishing that the total amount in controversy in this action exceeds $75,000.  *See id.*

Moreover, even if Certain Underwriters had established that the total amount in controversy in this action exceeded $75,000, this would not suffice, on its own, to establish diversity jurisdiction.  In the Ninth Circuit, a plaintiff may not aggregate claims against multiple defendants to make up the amount in controversy requirement unless defendants are jointly, and not merely severally, liable.  *United States v. S. Pac. Transp. Co.,* 543 F.2d 676 (9th Cir. 1976).  In this case, each of the defendants will be held severally, not jointly, liable.  Indeed, the requirement of several liability for Lloyd's underwriters is expressly provided for by Lloyd's governing charter, the Lloyd's Act of 1982.  *Osting-Schwinn,* 2010 WL 3056606 at *10 (quoting Lloyd's Act 1982, c. 14, § 8(1)) (explaining that, under the Lloyd's Act, "'[a]n underwriting member shall be a party to a contract of insurance underwritten at Lloyd's only if it is underwritten with several liability.").  Therefore, in order to satisfy the amount in controversy requirement, Certain Underwriters bears the burden of showing that the amount in controversy with respect to each individual Defendant exceeds $75,000.  Certain Underwriters has not met this burden.

Accordingly, it appears to the Court that this case may have been improvidently removed and Defendant is therefore ORDERED TO SHOW CAUSE in writing, within ten (10) days of this Order, why this action should not be remanded to state court for failure to establish subject matter jurisdiction.

The Clerk shall serve this minute order on all parties to the action.